| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| JOHN E. BOUZANE<br>JOHN E. BOUZANE ATTORNEY AT LAW BAR #079804<br>634 OAK CT. SAN BERNARDINO, CA 92410<br>SAN BERNARDINO, CA 92410<br><br>909-889-5151<br><br>079804<br>☐ Individual appearing without counsel<br>☒ Attorney for: MOVANT | **FILED**<br>**JAN 11 2010**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: NICHELE LYNETTE SOLOMON-LINDSEY | CHAPTER: 7 |
|---|---|
| | CASE NO.: 09-40049-PC |
| | DATE:<br>TIME:<br>CTRM:<br>FLOOR: |
| Debtor(s). | |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations)
### (MOVANT: LIEM PHAN )
### (Unlawful Detainer)

1. NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   ☐ NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. Hearing Location:  ☐ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara
   ☒ 3420 Twelfth Street, Riverside

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. ☒ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   ☐ at the hearing    ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☒ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                          **F 4001-1M.UD**
                                                                              F4001MUD

6vv48227

Motion for Relief from Stay (Unlawful Detainer) - *Page 2 of* 10___          **F 4001-1M.UD**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| NICHELE LYNETTE SOLOMON-LINDSEY                           Debtor(s). | CASE NO.: 09-40049-PC |

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 1/11/10

JOHN E BOUZANE ATTORNEY AT LAW_____
*Print Law Firm Name (if applicable)*


JOHN E BOUZANE_____          _____
*Print Name of Individual Movant or Attorney for Movant*          *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                          **F 4001-1M.UD**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| NICHELE LYNETTE SOLOMON-LINDSEY | |
| Debtor(s). | CASE NO.: 09-40049-PC |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)
### (MOVANT: LIEM PHAN _____ )

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):

    *Street Address:* 17821 CAMINO SAN SIEMON
    *Apartment/Suite No.:*
    *City, State, Zip Code:* MORENO VALLEY CA 92551

    **The Property is:** [X] Residential      [ ] Nonresidential

2. **Case History:**

    a. [X] A voluntary    [X] An involuntary    petition under Chapter [X] 7 [ ] 11 [ ] 12 [ ] 13 was filed on *(specify date):* 12/11/09

    b. [ ] An Order of Conversion to Chapter [ ] 7 [ ] 11 [ ] 12 [ ] 13 was entered on *(specify date):*

    c. [ ] Plan was confirmed on *(specify date):*

    d. [ ] Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.

    e. [ ] Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief from Stay:** *(Check all that apply)*

    a. [X] Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:

    (1) [X] An unlawful detainer judgment in favor of Movant was entered prepetition.

       A. [X] The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

       B. [X] The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

       C. [X] The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

       D. [ ] The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit_____ . A hearing on this objection is set for: _____ .

    (2) [X] An unlawful detainer proceeding was commenced prepetition.

    (3) [ ] Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.

    (4) [ ] Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.

    (5) [X] The lease or other right of occupancy expired by its terms prepetition.

    (6) [ ] The lease has been rejected or deemed rejected by operation of law.

    (7) [X] Lease payments have not been made since the filing of the petition.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                    **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of* 10

**F 4001-1M.UD**

| In re                                 (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| NICHELE LYNETTE SOLOMON-LINDSEY | |
| Debtor(s). | CASE NO.: 09-40049-PC |

(8) ☐ An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit_____. Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit_____. A hearing on this objection is set for: _____.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

   (1) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

   (2) ☐ Other bankruptcy cases have been filed asserting an interest in the same property.

   (3) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

**4. Evidence in Support of Motion:** *(Important Note:  Declaration(s) in support of the Motion MUST be attached hereto.)*

a. ☒ Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

b. ☐ Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. ☐ Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. ☒ An order confirming that the automatic stay does not apply.

4. ☐ Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:

   a. Establishment of a deadline for assumption or rejection of the lease.

   b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 5 of 10*          **F 4001-1M.UD**

| In re                    (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| NICHELE LYNETTE SOLOMON-LINDSEY | |
| Debtor(s). | CASE NO.: 09-40049-PC |

5.  Additional provisions requested:

   a.  [ X ] That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b.  [ X ] Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.

   c.  [ X ] That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

   d.  [   ] That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*

   e.  [   ] For other relief requested, see attached continuation page.

Dated: 1/11/10

Respectfully submitted,

LIEM PHAN
*Movant Name*

JOHN E BOUZANE ATTORNEY AT LAW
*Firm Name of Attorney for Movant (if applicable)*

By:
*Signature*

Name: JOHN E BOUZANE
*Typed Name of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 5 of 10*   **F 4001-1M.UD**

| In re (SHORT TITLE) | CHAPTER: 7 |
|---|---|
| NICHELE LYNETTE SOLOMON-LINDSEY | |
| Debtor(s). | CASE NO.: 09-40049-PC |

## UNLAWFUL DETAINER DECLARATION
## (MOVANT: <u>LIEM PHAN</u>)

I, <u>LIEM PHAN</u>_____, declare as follows:

*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidental real property that is the subject of this Motion ("Property") because:

    [X] I am the Movant and owner of the Property.

    [ ] I manage the Property as the authorized agent for the Movant.

    [ ] I am employed by Movant as *(state title and capacity)*:

    [ ] Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the Property that is the subject of this Motion is:

    *Street Address:* 17821 CAMINO SAN SIMEON
    *Apartment/Suite No.:*
    *City, State, Zip Code:* MORENO VALLEY CA 92551

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit <u>1</u>. A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Property is: [X] residential property   [ ] nonresidential property
    a. Debtor(s) occupies the Property
        [ ] on a month-to-month tenancy          [X] pursuant to a lease that is in default
        [ ] after a foreclosure sale on:_____   [ ] other *(specify)*:
    b. [X] Debtor(s) has/have failed to pay the monthly rent of $<u>1,675.00</u> since the following date *(specify date)*: 11/01/09
    c. [ ] In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following *(See attached continuation page for itemization)*:
        (1) [ ] Common area maintenance charges
        (2) [ ] Property taxes
        (3) [ ] For additional obligations, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Unlawful Detainer) - *Page 7 of 10*        **F 4001-1M.UD**

| | |
|---|---|
| In re   (SHORT TITLE)<br>NICHELE LYNETTE SOLOMON-LINDSEY          Debtor(s). | CHAPTER: 7<br>CASE NO.: 09-40049-PC |

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date):* 12/11/09

7. Procedural status *(indicate all that apply, and provide dates for completed steps):*

   a. [X] Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date):* 11/06/09
      A true and correct copy of which is attached hereto as Exhibit 2

   b. [X] Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

     (1) [X] Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on *(specify date):*11/24/09 , a true and correct copy of which is attached as Exhibit 3 .

     (2) [ ] Trial was held on *(specify date):*

     (3) [X] An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify date):*12/02/09 , a true and correct copy of which is attached as Exhibit 4 .

     (4) [X] A Writ of Possession for the Property was issued by the state court on *(specify date):*12/02/09 a true and correct copy of which is attached as Exhibit 5 .

     (5) [ ] The Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

     (6) [X] The Debtor or adult dependent of Debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

     (7) [X] The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

     (8) [ ] Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy of which is attached hereto as Exhibit_____ . A hearing on this objection is set for:_____.

     (9) [ ] An eviction action has been filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that [ ] such action was filed or [ ] that Debtor has endangered the subject property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property.  A copy of Movant's certification is attached hereto as Exhibit _____ . Debtor [ ] has [ ] has not filed an objection to Movant's certification.  A copy of Debtor's objection, if filed, is attached hereto as Exhibit_____ . A hearing on this objection is set for: _____ .

   c. [ ] The lease was rejected on_____ *(date):*

     (1) [ ] by operation of law.

     (2) [ ] by Order of the Court.

   d. [ ] The regular lease payments have not been made since the filing of the petition.

8. [X] Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. [X] The Property is not necessary to an effective reorganization because *(specify):*

   a. [X] The Property is residential and is not producing income for the Debtor(s).

   b. [ ] The Property is commercial, but no reorganization is reasonably in prospect.

   c. [ ] Other *(specify):*

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 8 of* 10          **F 4001-1M.UD**

| In re        (SHORT TITLE)<br>NICHELE LYNETTE SOLOMON-LINDSEY | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 09-40049-PC |

10. ☐  The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

 a. ☐  Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

 b. ☐  Other bankruptcy cases have been filed asserting an interest in the same property.

 c. ☐  The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents.  No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

 d. ☐  Other *(specify)*:

11. ☐  Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:

 a.  Case Name:
     Case Number:                    Chapter:
     Date Filed:                     Date Dismissed:
     Relief from stay re this Property    ☐ was    ☐ was not  granted.

 b.  Case Name:
     Case Number:                    Chapter:
     Date Filed:                     Date Dismissed:
     Relief from stay re this Property    ☐ was    ☐ was not  granted.

 c. ☐  See attached continuation page for more information about other cases.

12. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.

 a. ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

 b. ☐  Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.

 c. ☐  For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** JANUARY 11TH ___, 2010 , at SAN BERNARDINO _____ *(city, state).*

LIEM PHAN
*Print Declarant's Name*                              *Signature of Declarant*

*January 2009*                              **F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 9 of 10*   **F 4001-1M.UD**

| In re   (SHORT TITLE)<br>NICHELE LYNETTE SOLOMON-LINDSEY | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.: 09-40049-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
634 OAK CT SAN BERNARDINO CA 92410

A true and correct copy of the foregoing document described as MOTION FOR RELIEF FROM STAY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 1/11/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/11/10 | NICOLE SMITH | _Nicole Smith_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.UD**

Motion for Relief from Stay (Unlawful Detainer) - *Page 10 of* 10        **F 4001-1M.UD**

| In re                          (SHORT TITLE) | CHAPTER: 7 |
| NICHELE LYNETTE SOLOMON-LINDSEY | |
| Debtor(s). | CASE NO.: 09-40049-PC |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Nichele Lynette Solomon-Lindsey

17821 Camino San Simeon

Moreno Valley, CA 92551

Trustee

Sandra L Bendon

3943 Irvine Blvd., #329

Irvine, CA 92602

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**F 4001-1M.UD**



**Management One**
*(Property Management)*

23846 Sunnymead #10, Moreno Valley, CA 92553
PH (951) 924-4315 FAX (951) 924-7241

1451 Rimpau, S#204 Corona, CA 92879
PH (951) 735-2000 FAX (951) 735-9430

## RENTAL AGREEMENT

*Property Management*

**LANDLORD: MANAGEMENT ONE - Agents for Owner:** 23846 Sunnymead Blvd. #10, Moreno Valley Ca 92553

**TENANT:** Gary R. Lindsay and Nichelle S. Lindsay

**PREMISES:** 17821 Camino San Simeon, Moreno Valley, Ca 92551

**CO-SIGNER:** n/a

| | | |
|---|---|---|
| A. Term of Lease 1 Year, then Month to Month | H. | Liquidated Damages (See lines 1, 2, 3) |
| B. Beginning Date: 1/30/09 | I. | Utilities Provided: NONE |
| C. Rent Per Month: $1675.00 | J. | Water, Trash & Sewer NONE |
| D. Date Rent Due: ON THE FIRST OF EACH MONTH | K. | Additional Security: NONE |
| E. Late Rent Fee: 5% of Rent: Plus $5.00 per day starting on the 6th | L. | Pet's Name ~~Dot~~ Honey (Dog) |
| F. Security Deposit: HELD BY OWNER | | **No Pets are to be kept inside of property** |
| G. Minimum Tenancy: SEE LINE A | | (No exceptions). Outside pets only    See Section 13 |

**DESIGNATION OF PARTIES:**    "Landlord" includes Owner and Manager, Agent of Employee, acting as managerial personnel, and "Tenant" includes all persons designated as such, in this Agreement, without respect to number or gender.

**TENANT AGREES THAT** each of the terms of this Agreement and of Landlord's Rules and Regulations, if any, constitutes an independent condition on Tenant's right to possession of the Premises. Any failure by Tenant to comply with one or more of such terms shall constitute a default hereunder and Landlord may terminate Tenants' right to the possession of the Premises and/or forfeit this Agreement, in any manner provided by law.

**FURTHER, TENANT AGREES THAT:**

1. **TERM/BEGINNING DATE:** The Term of this tenancy, for the Premises described above, and the Beginning Date thereof, are designated in Sections A and B.

2. **USE AND OCCUPANCY:** The Premises are to be used only as a private residence for Tenants listed in this agreement, a total of 2 occupants, and for no other purpose. Guests my stay up to 14 days in any six-month period. Occupancy by guests staying more than 14 days is prohibited without Management One's written consent and shall be considered to be a breach of Contract.

3. **RENT/LATE RENT CHARGE:** Tenant shall pay to Landlord one (1) month's rent due, in advance, for each rental month, in the amount and on the date designed in Sections C and D. In the event that the Beginning Date of this Agreement is a day other than the first day of the month, the rent due shall be prorated to the first day of the succeeding month. Should Tenant fail to pay an installment of rent, or any portion thereof, when due, Tenant shall pay the amount designated in Section E, to the Landlord as a Late Rent Charge. At Landlord's election, such charge shall be deemed additional rent for such rental month and collected as such, or Landlord may deduct such charge from Tenant's Security Deposit. Any claim by Tenant for a refund of the Security Deposit shall be deemed compensated to the extent of any deduction of such charge. Such charge shall be deemed Liquidated Damages inasmuch as landlord's damages (preparation of notice, service of notice, collection attempts, extra labor hours and bookkeeping, etc.) would be impracticable or extremely difficult to compute, under C.C.1670, 1671, and C.C.P.1951.5.

   **RENTS TO BE PAID IN CASHIER'S CHECK OR MONEY ORDER ONLY. NO CASH OR PERSONAL CHECKS WILL BE ACCEPTED.**

   **Tenant agrees and understands that if Tenant pays by any other means than cashier's check or money order, Management One will not accept funds and will consider this to be a breach of contract and will proceed in accordance to the law and evict Tenant from the premises. Tenant also agrees and understands that rents are to be received at Landlord's office on or before the 1st day of each month. As designated in Section E, Late Rent Charge is 5% of the Rent plus $5.00 per day until Rent is received at Landlord's office. This charge begins on the 6th of the month at 12:01am and is due and payable when you pay your rent. If Landlord has to prepare and serve the Tenant a "3 Day To Pay or Quit", Tenant shall pay Landlord $50.00 Posting Fee, in addition to Late Fees and Rent Due for that given month.** x ___

4. **RENT PAYMENTS: WE DO NOT ACCEPT PARTIAL PAYMENTS UNDER ANY CONDITIONS.** Your rent is due on the 1st of the month, and if not received in our office before 12:00pm (Midnight) on the 5th. On the 6th, a late fee will be assessed. (**Note: If the post office does not deliver on time, you are still responsible to have your rent in before the deadline.**)

5. **SECURITY DEPOSIT:** Tenant shall deposit with Landlord the amount designated in Section F to secure Tenant's compliance with all of the conditions of this Agreement and Landlord's Rules and Regulations, if any. The deposit shall not be deemed rent for any rental month nor shall it constitute a measure of Landlord's damages in the event of default by Tenant. Tenant shall not be entitled to any interest on this Deposit. In the event of a default by Tenant under the conditions of this agreement or Landlord's Rules and Regulations, if any, Landlord may deduct that amount necessary, from the deposit, to compensate Landlord for all damage caused by such default. Should Landlord make any deduction from the deposit. Tenant shall pay to Landlord an equal amount within three (3) days after that Landlord within three (3) days Landlord may deem such failure as default under this Agreement and proceed in any manner provided by law. Upon termination of the tenancy, for any reason whatsoever, as much of the deposit as is reasonable necessary shall be used for repair of the Premises and its appurtenances, over and above normal wear and tear, and to compensate Landlord for any unpaid rent or Liquidated Dames. If the deposit is insufficient, for such purpose, Landlord may proceed with collection of the deficiency from Tenant. Acceptance of a refund of all or a portion of the deposit by Tenant shall constitute a full and final release of Landlord from any and all claims of Tenant, of any nature whatsoever. **Security deposit cannot be used as last month's rent, but is refundable providing property is left in same condition as when Tenant moved in, less normal wear and tear.**

   We are at times forced to use some or all of a Tenant's Security Deposit, including but not limited to:

   A) Failure to give 30 days notices. (We cannot accept this by telephone and it **must be a full 30 days notice**, in writing as required by California State Law.)

Exhibit 1

B) Failure to leave property clean when vacating (including trash)
C) Damages to property, appliances, or landscaping through negligence, misuse, or not reporting a repair needed that the Management company is responsible for fixing, or not watering lawns properly and the lawn is lost or damaged.

6. **MINIMUM TENANCY:** Unless a different period is designated in Section G, Tenant shall be liable to Landlord for rent for a period of one (1) year following the Beginning Date, hereof. If Tenant breaks their lease they will be liable for the entire amount of the lease, including but not limited to a $395.00 re-rent fee, advertising costs and sign installation. *____ ( x____ )

7. **UTILITIES:** Tenant shall pay for all utilities and/or services supplied to the Premises. In the event of any default in the payment of rent or utilities by Tenant, if feasible, Landlord may instruct any utility company, henceforth, to charge any utilities, so designated, to Tenant and to place the same in Tenant's name. Tenant shall pay for all such utilities thereafter. (Unless otherwise stated on page One Water, Sewer & Trash are paid by Tenant).

8. **PARKING REGULATIONS:** Tenant shall park in garage and vehicles (car or medium to small truck) in driveway only per CC&R's if any. Tenant is prohibited from parking any vehicles on the grass, etc., and working on vehicles on said Premises is prohibited. Driveway is to be kept clean of oil, grease, etc. at all times.

9. **LAWN, SHRUBS, PLANTS, ETC.:** Tenant is responsible and liable for mowing, weeding, trimming and watering in a timely and consistent manner (mowing the lawn once a week and watering daily is considered timely and consistent). Front and back yards are to be kept in a professional manner, i.e., lawn watered and mowed, hedges and shrubs trimmed, and weeding. In the event Tenant does not abide by these conditions, Landlord has authority to hire a gardener at the expense of the Tenant. Tenant agrees and understands that a gardener will cost a minimum of **$60.00 per month**. After one written notice, Tenant has 15 days to bring lawns to a respectable condition. **If Tenant has not complied, Then Landlord will add the cost of a gardener and payment and rent to be paid as one on the 1st month following the 15-day period and this would be a modification of this Rental Agreement.**

10. **LAWN SERVICE** is provided. From - Yes ☒ No ☐     Rear - Yes ☒ No ☐

    (If lawn service is provided, it includes mowing and edging only.) Tenant is responsible for all other landscaping including, but not limited to, weeding flowerbeds, banks, trimming hedges, etc.

11. **POOL/SPA - SERVICE** is provided.  Yes ☐ No ☒ if No, Tenant shall maintain Pool and/or Spa, if any, and keep same clean and in good operating condition including chemicals at Tenant's expense.

12. **NAMED TENANT:** The Premises shall not be occupied by any person other than the person or persons designated as "Tenant".

13. **PETS:** Tenant shall not bring, keep or maintain any pet inside or out on the Premises, unless named in Section K. (Outside pets only.) Pets brought onto the Premises after moving is a Breach of Contract and a 3 Day Notice to vacate will be given immediately. In the event there is an animal odor of any kind, Tenant will be responsible for all damages which could include new carpeting  (NO PIT BULLS UNDER ANY CONDITIONS.)  (x____ )

14. **COMPLIANCE WITH LAWS:** Tenant shall not violate any law, nor commit or permit any waste or nuisance in or about the Premises, nor in any way annoy any other tenants of the real property on which the Premises are located, nor do or keep anything in or about the Premises or real property that will obstruct the public spaces available to other tenants. Constant parties week after week and day after day until the early morning hours are prohibited, any dangerous animals are prohibited, this includes pit bulls, and Tenant holds Landlord harmless from any harm to any person or other animals.

15. **GOOD CONDITION RECEIPT:** Tenant has examined the Premises, including but not limited to, the furnishings, fixtures, appliances, equipment, windows, doors, plumbing facilities, electrical facilities, hot and cold water supply, building ground and appurtenances, accepts the same "AS IS" and acknowledges that the same are incorporated herein by reference. As part of the consideration for the rental of the Premises, Tenant voluntarily assumes the risk of any defects in the Premises either known, or which should have been known to Tenant, in the exercise of ordinary care, at the inception of the tenancy, unless Tenant serves Landlord with a written notice to correct such defects prior to entering into this agreement. Upon termination of the tenancy, Tenant shall return the Premises to Landlord in as good order, condition and repair as when received, free from all Tenant's personal property, trash and debris, burns, stains, holes of any size or kind. No improvement, alteration, decoration or repair of the premises are allowed to be made by the Tenant unless noted on Landlord's copy of this Agreement.

16. **MOVE IN CHECKLIST:** Property has been inspected prior to moving in and is considered to be in satisfactory condition. Tenant agrees to set appointment Monday through Friday between 9:00 a.m. and 4:00 p.m. during the first 14 days of occupancy. Tenant agrees that failure to comply gives up all rights to a move in checklist. x____

17. **MAINTENANCE AND REPAIR: NOTE:** Management One does want repairs to be called in immediately. Tenant shall (1) keep the Premises in a clean and sanitary condition; (2) dispose of all rubbish, garbage and waste in a clean and sanitary manner; (3) properly use and operate all electrical, gas and plumbing fixtures and keep the same in clean condition; (4) not permit any person, in or about the Premises with Tenant's permission to deface, damage or remove any part of the structure of the Premises or the facility's, equipment or appurtenances thereto, nor himself do any such thing; (5) occupy and use the Premises in the manner in which they were designed and intended to be occupied and used. Tenant shall be liable for the expense of any repair caused by Tenant's failure to comply with these conditions. At landlord's election, such expense shall be deemed additional rent for rental month in which incurred, and collected as such, or Landlord may deduct such expense from Tenant's Security Deposit. Tenant shall not alter or add to the Premises, nor paint or wallpaper any portion thereof

Repairs done by Management One will be done in 5-14 days in most cases, we ask that you do not continue to call every day to see if it has been scheduled yet, as this only delays getting your repair done. Also, for any repairs you request, make sure that you are there when a scheduled appointment was made. Repairs are done during normal working hours, so you may have to take off work to meet a repairman. Any second trips to the property will be at your expense since repair companies charge for double trips. This cost is normally $45.00, so it is imperative you make the appointment. (NOTE: If you do not have a phone for us to contact you repairs cannot be made.) When you call in a repair to be done, it is very important that you make sure the repair needs to be done. In the event a repairman makes a trip and no problem is found, you would be charged $50.00 for a service call.

18. No decals, mirrors, etc., to be glued or applied to walls or doors. Pictures and mirrors shall be hung with picture hangers or very small nails. Holes (other than normal hanger holes) in walls, doors or cabinets will not be deemed normal wear and tear.

19. No basketball hoops are to be mounted anywhere on Premises, house or garage.

20. **WARRANTY OF HABITABILITY:** Landlord and Tenant mutually waive any warranties, whether expressed or implied by law, concerning the habitability of the Premises, except those warranties specifically enumerated in C.C. 1941 and 1942. In addition, Tenant waives any right or remedy, whether express or implied by law to withhold rent or to raise the existence of any alleged defect in the Premises, whether constituting a violation of any housing code or not, as a defense to any action for Unlawful Detainer. However, Tenant shall have the right to bring an independent action for damages based upon any failure to correct such defect within a reasonable time. Tenant and Landlord agree 5-14 days is a

LA101                                          Page 2 of 4                                          Initials

reasonable time, in most cases, but not all cases when in the event a part must be ordered or a major repair, it may exceed 14 days.

21. **WASTE, QUIET ENJOYMENT AND SUPERVISION:** Tenant shall not commit or permit any waste upon the Premises or any nuisance or other act or thing which may disturb the quiet enjoyment of any neighborhood or other tenant person in or about the adjoining Premises. This shall include, but not limited to loud or late parties or music. Tenant is responsible for all and any fines issued for all "Police Response Calls". Such a fine may be a result of excessive noise, parties. Loud music or improperly stored trash or any City Code Violation.

A. Adult Tenants shall be responsible for the supervision and control of all minor children residing with them in the Premises or visiting occupants at the Premises. Children must obey these Rules and Regulations. Adult Tenants shall be solely responsible to see that their children, guests, and visitors obey these Rules and Regulations. Violations of this provision shall constitute grounds for immediate termination of the Contract at the option of the Landlord.

B. Tenant shall not use in any wasteful or unreasonable or hazardous manner any of the utilities furnished by Landlord, nor shall keep or maintain any mechanical or electrical or other appliance or device operated by said utilities except herein listed and specifically approved by Landlord. Any violation served will result in a $50.00 fee per notice served in addition to any possible fines assessed against the property.

22. **INSPECTION/ENTRY:** Landlord may enter and inspect the Premises, at reasonable times, for any lawful purpose. Landlord may enter the Premises, in such manner, for the purpose of making repairs, selling of property, alterations of additions thereto, but without obligation to do so. Tenant shall not add or change any lock locking device, bolt or latch on the Premises and Tenant acknowledges that Landlord has a key to the Premises, and may use the same for entry as provided herein. Landlord agrees to give Tenant 24-hour notice before entering property, unless it is a major emergency. If Landlord has to have a locksmith open up the property to gain access due to the locks being changed by tenant, then tenant will be liable for the cost.

23. **ANNUAL INSPECTIONS** may be done at Landlord's option and tenant agrees to set an appointment Monday through Friday between 9:00 a.m. and 3:30 p.m. so we may enter the property. Failure to comply, Landlord may enter the property without tenant present. These inspections are required by the owner of the property and must be done once a year. In addition Failure of Tenant to keep appointment or reschedule appointment, Tenant will be billed $50.00 for a trip charge.

24. **RULES AND REGULATIONS:** Tenant and all persons in or about the Premises with Tenant's permission, shall comply with all Rules and Regulations made by Landlord, from time to time, and served upon Tenant. Any such Rules and Regulations shall be deemed incorporated herein by reference. Landlord shall not be obliged to enforce any such Rules and Regulation, or the terms of any other Agreement, and Landlord shall not be liable to Tenant for any violation of such Rules and Regulations, or Agreement as the case may be, by any other tenant or person.

25. **INSURANCE:** Landlord shall not be liable to Tenant, nor to insure Tenant, for any personal injury of property damage caused by the act of omission of any other tenant or third party, or by any criminal act or activity, war, riot, insurrection, fire, or act of God. Tenant shall obtain and pay for insurance coverage that Tenant deems necessary to protect Tenant from any loss or expense that may be caused by such persons or events, and shall name Management One as additional insured. (There is no extra charge to have this done.) Management One may or may not receive a commission if you were to use our insurance brokers. (x)

26. **ASSIGNMENT AND SUBLETTING:** Tenants shall not sublet any part of the Premises or assign this Agreement.

27. **WAIVER AND DEFAULT:** Landlord's failure to require strict compliance with the conditions of this Agreement, or to exercise any right provided herein, shall not be deemed a waiver by Landlord, or such condition or right. Landlord's acceptance of rent with knowledge of any default hereunder by Tenant shall not be deemed a waiver of such default, nor limit Landlord's right with respect to that, or any subsequent default.

28. **SURRENDER OF PREMISES AND PERSONAL PROPERTY:** The Premises and all of Tenant's personal property located therein, or stored on Landlord's real property, shall be deemed surrendered to Landlord by Tenant if, after a failure by Tenant to pay an installment of rent or any portion thereof, for any rental month, and after the date of service of a written notice on Tenant, pursuant to C.C.P. 1161 and 1162, demanding that Tenant either pay other amount of rent then due or quit the premises. (1) If tenant has been absent from the Premises for a period of 18 consecutive days and (2) Tenant has neither contacted the Landlord in person, nor cured said default, upon such surrender, landlord may-reenter and re-take possession of the Premises and store Tenant's personal property for a period of thirty (30) days. If Tenant fails to pick up said personal property, which Landlord will turn over to Tenant during said period, Landlord is designated as Tenant's agent to dispose of any or all of such personal property in any manner that Landlord, in its sole discretion, deems appropriate, pursuant to California Civil code. Tenant is responsible for any hauling or storage fees and Landlord may deduct such from Security Deposit or file legal action for Recovery.

29. **ATTORNEY'S FEES:** In the event of a default by Tenant hereunder, Tenant shall pay to Landlord all costs incurred by Landlord and caused by such default, including Attorney's fees, whether for consultation, preparation of any notice or letter or for institution and prosecution of any action to enforce any condition of this Agreement, whether or not such action proceeds to judgment.

30. **PARTIAL INVALIDITY:** If any provision of this Agreement is held to be invalid, such invalidity shall not affect the validity or enforceability of any other provision of this Agreement.

31. **VACATING THE PROPERTY: LANDLORD RESERVES THE RIGHT TO SHOW PROPERTY FOR RENT DURING THE LAST 30 DAYS TENANT IS OCCUPYING THE PROPERTY.** If the Tenant fails to cooperate, Tenant may be charged an additional $250.00 Breach of Contract since Landlord could lose rent. All Tenants on the rental agreement must give Management One a full thirty (30) days written notice prior to terminating this tenancy. Thirty days begins the day the notice is received in Management One's office.

32. **DAMAGE AND DESTRUCTION:**

A. **Tenant's Obligation:** Tenant hereby agrees to hold Landlord harmless from any claims and to pay on demand all reasonable costs or repair or restoration resulting from any damage or destruction to the Premises or the buildings of which the Premises are a part or any part thereof resulting from any act or omission of Tenant and/or any person on the Premises through or under Tenant, including without limitation, damage or destruction resulting from leaving windows open during rains or storms, flows of water from pipes, faucets or other sources, failure to turn off gas, electrical appliances or lights when not in use and littering of the Premises or adjoining areas.

B. **Effect of Damage or Destruction:** In the event of damage to or destruction of the Premises or any building of which the Premises are a part by fire, flood, earthquake, or any other cause or causes, Landlord shall have the option to: (1) Treat this lease as continuing and repair or restore the Premises to their condition before such damage or destruction within thirty (30) days of the same, or if insured, within (30) days after Landlord receives permission from the insurer to proceed with repair or restoration.

C. Terminate this lease and all further obligations hereunder of either party by written notice to the Tenant. After the occurrence of such damage or destruction, the Tenant's obligation to pay rent hereunder shall be abated in an amount which Landlord, in its sole discretion, shall determine to be proportionate to the area of the Premises rendered unfit for use by Tenant during the period of repair or restoration.

LA101                                Page 3 of 4

**33. LIMITATION OF LANDLORD'S LIABILITY:**

A. **Injury, Loss or Damage:** Landlord shall not be liable for any injury, including death to any person caused by any use of the Premises including pools and spa, if any, by any person, including but not limited to, other tenants, or arising from any accident or fire or other casualty thereon, or from any other cause whatsoever, nor shall Landlord by liable for any loss or damage to any article belonging to Tenant or located on the Premises or other facilities under the control of Landlord. Tenant hereby agrees to indemnify and hold Landlord harmless from all liability for any such injury, loss or damage.

B. **Other Limitations:** Tenant also agrees that Landlord shall not be liable for, and this Agreement shall not be terminated by any interruption or interference with services or accommodations due Tenant caused by strike, riot, orders or acts of public authorities, acts of other tenants or Landlord, accident, the making of necessary repairs to the building of which the Premises are a part or any other cause beyond the Landlord's control.

**34. TENANT INFORMATION AND INSTRUCTIONS:** It is a pleasure to welcome you as a part of our clientele. We believe that if you are familiar with some of our obligations, responsibilities and policies most misunderstandings will be avoided. We believe we can serve you by offering complete, courteous and prompt service. However, both parties to any Rental Agreement have certain obligations and responsibilities.

**The following items are to be maintained by Tenant:**

1. Air filters to be changed in the heating and cooling system twice a year.
2. Resetting breakers.
3. Drains are to flushed with a good drain cleaner twice a year.
4. Sprinkler heads (Lawns lost due to non-watering is a Tenant expense.)
5. Loose screws on screen doors, door locks, etc. are the Tenant's responsibility.
6. Light bulbs at move in only if not operable
7. Washers in faucets
8. Smoke detector batteries - check weekly
9. Door-Bell

10. Garbage disposal; press reset button only
11. Tighten hinges on gates
12. Closet door adjustments
13. Door stoppers
14. Plate covers
15. Cabinet hinges
16. Drawer guides and knobs
17. Fireplace key
18. Toilet seat
19. Curtain rods

The owner will pay for all materials in items 1 - 19 providing they are justified. **(Do not deduct the cost of the materials from the rent.)** Send in your invoices with your rent and we will write you a check back, as this is the procedure, to avoid accounting errors. "NO EXCEPTIONS" This procedure takes 30-45 days to process.

**35. "FOR RENT" SIGNS:** Tenant is not to remove "For Rent" sign. Sign will be taken down when your move in inspection is done. If not, Call Management One's office. Cost of the sign and pole of $200.00 will be charged to Tenant if taken down.

TENANT WAS GIVEN:

1 House Keys
0 Mailbox Keys
0 Pool Keys
0 Padlock Key
0 Security Gate Keys
0 Number of Garage Remotes
0 HOA Association

Pro-rated Rent Due for N/A is $N/A and is due on the 1st, late after the 5th at 12:01am.    x_____ x_____
Tenants agree to be polite and courteous at all times so problems can be resolved. If Tenant does not abide, Landlord cannot communicate until such time as Tenant does abide.

**35. ENTIRE AGREEMENT:** The foregoing constitutes the entire agreement between the parties and supersedes any oral or written representations or agreements that may have been made by either party. Further, Tenant represents that he has relied solely on his own judgment, experience and expertise in entering into this Agreement with Landlord. All modifications shall be in writing.

Comments:
1. No smoking inside premisis 2. Tenant to change a/c filters every 3 months 3. Owner is in possession of the security deposit.

Agent for Landlord:
MANAGEMENT ONE

By _____  1/25/09
Agent for Landlord        Date

_____  1-23-09
Tenant                    Date

_____  x 1-27-09
Tenant                    Date

_____  _____
Tenant                    Date

Initials

**Management One Property Management**

23846 Sunnymead Blvd. #10

Moreno Valley, CA 92553

Phone: 951-924-4315      Fax: 951-924-7241



Gary Lindsey

17821 Camino San Simeon

Moreno Valley, CA 92551

## 3 Day Notice to Pay Rent or Quit

To TENANT'S names herein by the property number and all tenants, subtenants and all others in possession.

Your are hereby notified that the RENT is now due and payable on the premises now held and occupied by you, being those premises situation in the city listed by the property number, county of Riverside, State of California, commonly knows as the property listed herein under the tenant's name.

Your RENT is delinquent in the amount state herein by RENT DUE, being the rent due from: 11/01/2009 To 11/30/2009

Your are hereby required to pay said RENT within 3 days or to remove from and deliver up possession of the above named premises, or LEGAL proceedings will be instituted against you to recover possession of said premises, and to recover TREBLE RENTS and DAMAGES, together with court costs and attorney fees and other fees as may be allowed by law. Surrendering of property does not release you from your lease obligations.

Agent for Lessor: _____  Dated: 11/06/2009

**Date Due:  11/01/2009**

**Rent Due:  $1675.00**

**Rent is to be paid by cashier's check or money order and may be tendered 7 days a week through a secured drop at the above office location.**

Exhibit 2

747J6

## DECLARATION OF SERVICE OF NOTICE(S) TO TENANT(S)

I, the undersigned, declare that I served the Notice(s) indicated below:

__✓__ Notice to Pay Rent or Quit          _____ 3/30 Day Notice to Quit

The above described Notice(s) were served on the following named parties in the manner set forth below:

*Gary R. Lindsay* _____

*Nichelle S. Lindsay* _____

_____ Personal
_____ Service

By delivery a copy of the Notice(s) on
_____,2009, to each of
the above named personally.

__✓__ Constructive
_____ Service

After due and diligent effort, by service
of said Notice(s) as authorized by C.C.P.
Section 1162(2,3) on each of the above
In the manner set forth below.

_____ 1. By leaving a copy for each of the above named parties on
_____, 2009 with _____, a person
18 years of age or older and of suitable discretion at the residence or
usual place of business of each of the above named parties, each
being absent therefrom; and thereafter mailing a copy to each of the
above named parties by depositing said copies in the United States
Mail, in a sealed envelope, with postage fully prepaid, addressed to
each of the above named parties at their place of residence at

_____, CA

__✓__ 2. By posting a copy for each of the above named parties on
*11/16*, 2009 in a conspicuous place on the property
therein described, there being no person of 18 years of age or older
and of suitable discretion to be found at any known place of residence
or business of said tenants; and thereafter mailing a copy to each of
the above named parties by depositing said copies in the United States
Mail, in a sealed envelope, with postage fully prepaid, addressed to
Each of the above named parties at their place of residence at

*17821 Camino San Simeon , MV*, CA

At the time of service, I was at lease 18 years of age. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: *11-23-09* ,2009 at *Moreno Valley* ,CA

Signature: _____

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JOHN E. BOUZANE<br>JOHN E. BOUZANE ATTORNEY AT LAW BAR #079804<br>634 OAK CT. SAN BERNARDINO, CA 92410<br>SAN BERNARDINO, CA 92410 | |

TELEPHONE NO. 909-889-5151    FAX NO. *(Optional)*
E-MAIL ADDRESS *(Optional)*
ATTORNEY FOR *(Name)*:  PLAINTIFF

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 13800 HEACOCK ST D201 (2NDFLR)
MAILING ADDRESS:
CITY AND ZIP CODE: MORENO VALLEY, CA 92553
BRANCH NAME: MORENO VALLEY JUDICIAL DISTRICT

PLAINTIFF: LIEM PHAN

DEFENDANT: GARY R. LINDSAY AND NICHELLE S. LINDSAY

[X] DOES 1 TO 10

| **COMPLAINT — UNLAWFUL DETAINER**\* $1675.00 | CASE NUMBER: |
|---|---|
| [X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number):* | |

**Jurisdiction** *(check all that apply):*

[X]  **ACTION IS A LIMITED CIVIL CASE**
Amount demanded  [X] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000

[ ]  **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)

[ ]  **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint *(check all that apply):*
[ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited
[ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF *(name each):* LIEM PHAN

alleges causes of action against DEFENDANT *(name each):* GARY R. LINDSAY AND NICHELLE S. LINDSAY

2.  a.  Plaintiff is    (1) [X] an individual over the age of 18 years.    (4) [ ] a partnership.
(2) [ ] a public agency.    (5) [ ] a corporation.
(3) [ ] other *(specify):*

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3.  Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county):*
17821 CAMINO SAN SIMEON, MORENO VALLEY CA 92551/RIVERSIDE COUNTY

4.  Plaintiff's interest in the premises is  [X] as owner  [ ] other *(specify):*

5.  The true names and capacities of defendants sued as Does are unknown to plaintiff.

6.  a.  On or about *(date):* 01-30-09    defendant *(name each):* GARY R. LINDSAY AND NICHELLE S. LINDSAY

(1) agreed to rent the premises as a  [ ] month-to-month tenancy  [X] other tenancy *(specify):* LEASE
(2) agreed to pay rent of $ 1675.00  payable  [X] monthly  [ ] other *(specify frequency):*
(3) agreed to pay rent on the  [X] first of the month  [ ] other day *(specify):*

b. This  [X] written  [ ] oral  agreement was made with
(1) [X] plaintiff.    (3) [ ] plaintiff's predecessor in interest.
(2) [ ] plaintiff's agent.    (4) [ ] other *(specify):*

\*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a)

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166

Legal Solutions Plus

Exhibit 3

| PLAINTIFF *(Name):* LIEM PHAN | CASE NUMBER |
|---|---|
| DEFENDANT *(Name):* GARY R. LINDSAY AND NICHELLE S. LINDSAY | |

6. c. [X] The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [X] other *(specify):* UNKNOWN OCCUPANTS

  d. [ ] The agreement was later changed as follows *(specify):*

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each):* GARY R. LINDSAY AND NICHELLE S. LINDSAY

    was served the following notice on the same date and in the same manner:
    (1) [X] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [ ] 3-day notice to quit
    (3) [ ] 60-day notice to quit    (6) [ ] Other *(specify):*
  b. (1) On *(date):* 11-09-09    the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. [X] The notice included an election of forfeiture.
  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*
  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on *(date):*
    (2) [ ] by leaving a copy with *(name or description):*
    a person of suitable age and discretion, on *(date):*    at defendant's
    [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence on
    *(date):*    because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] by posting a copy on the premises on *(date):* 11-16-09   [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on
    *(date):* 11-16-09
      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
      (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1945 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.
  b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
  d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF *(Name):* LIEM PHAN | CASE NUMBER |
|---|---|
| DEFENDANT *(Name):* GARY R. LINDSAY AND NICHELLE S. LINDSAY | |

9. ____ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. [X] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 1675.00

11. [X] The fair rental value of the premises is $ 55.83   per day.   FROM 12-01-09

12. ____ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. [X] A written agreement between the parties provides for attorney fees.

14. ____ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ____ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. [X] past-due rent of $ 1675.00

d. [X] reasonable attorney fees.

e. [X] forfeiture of the agreement.

f. [X] damages at the rate stated in item 11 from
*(date):* 12-01-09                     for each day that
defendants remain in possession through entry of judgment.

g. [ ] statutory damages up to $600 for the conduct alleged in
item 12.

h. [ ] other *(specify):*

18. ____ Number of pages attached *(specify):* _____

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. *(Complete in all cases.)* An unlawful detainer assistant   [X] did **not**   [ ] did   for compensation give advice or assistance
with this form.  *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, state):*

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone No.:

d. County of registration:

e. Registration No.:

f. Expires on *(date):*

Date: 11-24-09

JOHN E. BOUZANE
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11-24-09

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF)

UD-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>JOHN E. BOUZANE<br>JOHN E. BOUZANE ATTORNEY AT LAW BAR #079804<br>634 OAK CT. SAN BERNARDINO, CA 92410<br>SAN BERNARDINO, CA 92410<br><br>TELEPHONE NO.: 909-889-5151    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | FOR COURT USE ONLY<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>DEC 02 2009 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 13800 HEACOCK ST D201 (2NDFLR)
MAILING ADDRESS:
CITY AND ZIP CODE: MORENO VALLEY, CA 92553
BRANCH NAME: MORENO VALLEY JUDICIAL DISTRICT

PLAINTIFF: LIEM PHAN

DEFENDANT: GARY R. LINDSAY AND NICHELLE S. LINDSAY

| JUDGMENT—UNLAWFUL DETAINER | CASE NUMBER: |
|---|---|
| [X] By Clerk    [X] By Default    [ ] After Court Trial<br>[ ] By Court    [ ] Possession Only    [ ] Defendant Did Not<br>Appear at Trial | RIU017217 |

## JUDGMENT

1. [X]  **BY DEFAULT**

    a. Defendant was properly served with a copy of the summons and complaint.

    b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.

    c. Defendant's default was entered by the clerk upon plaintiff's application.

    d. [X]  **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).

    e. [ ]  **Court Judgment** (Code Civ. Proc., § 585(b)).  The court considered

        (1) [ ]  plaintiff's testimony and other evidence.

        (2) [ ]  plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. [ ]  **AFTER COURT TRIAL.**  The jury was waived.  The court considered the evidence.

    a. The case was tried on *(date and time)*:

       before *(name of judicial officer)*:

    b. Appearances by:

        [ ]  Plaintiff *(name each)*:                    [ ]  Plaintiff's attorney *(name each)*:

                                                                    (1)

                                                                    (2)

        [ ]  Continued on *Attachment 2b* (form MC-025).

        [ ]  Defendant *(name each)*:                    [ ]  Defendant's attorney *(name each)*:

                                                                    (1)

                                                                    (2)

        [ ]  Continued on *Attachment 2b* (form MC-025).

    c. [ ]  Defendant did not appear at trial.  Defendant was properly served with notice of trial.

    d. [X]  A statement of decision (Code Civ. Proc., § 632) [X] was not  [ ] was  requested.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>UD-110 [New January 1, 2003] | **JUDGMENT—UNLAWFUL DETAINER**<br>Exhibit 4 | Legal<br>Solutions<br>Plus<br> | Code of Civil Procedure, §§ 415.46,<br>585(d), 664.6, 1169 |

| PLAINTIFF: LIEM PHAN | CASE NUMBER: |
|---|---|
| DEFENDANT: GARY R. LINDSAY AND NICHELLE S. LINDSAY | RIU017217 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☐ **THE COURT**    ☒ **THE CLERK**

3. **Parties.** Judgment is

    a. ☒ for plaintiff (name each): LIEM PHAN

        and against defendant (name each): GARY R. LINDSAY AND NICHELLE S. LINDSAY

        ☐ Continued on Attachment 3a (form MC-025).

    b. ☐ for defendant (name each):

4. ☒ Plaintiff    ☐ Defendant    is entitled to possession of the premises located at (street address, apartment, city, and county):
17821 CAMINO SAN SIMEON, MORENO VALLEY CA  92551

5. ☐ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**

    a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:

    b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.

        ☐ Defendant named in item 3b is to recover costs: $ 0.00

        ☐ and attorney fees: $ 0.00

| | | |
|---|---|---|
| (1) ☐ Past-due rent | $ | 0.00 |
| (2) ☐ Holdover damages | $ | 0.00 |
| (3) ☐ Attorney fees | $ | 0.00 |
| (4) ☐ Costs | $ | 0.00 |
| (5) ☐ Other (specify): | $ | 0.00 |
| (6) **TOTAL JUDGMENT** | $ | 0.00 |

    c. ☐ The rental agreement is canceled.    ☒ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in Judgment—Unlawful Detainer Attachment (form UD-110S), which is attached.

8. ☐ **Other** (specify):

    ☐ Continued on Attachment 8 (form MC-025).

Date: _____

                    JUDICIAL OFFICER

Date: **DEC 0 2 2009**    ☐ Clerk, by _____ A. Cuthbert _____ , Deputy

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____ , Deputy |

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address):* | FOR COURT USE ONLY |
|---|---|

JOHN E. BOUZANE
JOHN E. BOUZANE ATTORNEY AT LAW BAR #079804
634 OAK CT. SAN BERNARDINO, CA 92410
SAN BERNARDINO, CA 92410

TELEPHONE NO.: 909-889-5151   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PLAINTIFF
[ X ] ATTORNEY FOR   [ X ] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 13800 HEACOCK ST D201 (2NDFLR)
MAILING ADDRESS:
CITY AND ZIP CODE: MORENO VALLEY, CA 92553
BRANCH NAME: MORENO VALLEY JUDICIAL DISTRICT

PLAINTIFF: LIEM PHAN

DEFENDANT: GARY R. LINDSAY AND NICHELLE S. LINDSAY

| **WRIT OF** | [ ] EXECUTION (Money Judgment) | CASE NUMBER: |
|---|---|---|
| | [ X ] POSSESSION OF   [ ] Personal Property   [ X ] Real Property | RIU017217 |
| | [ ] SALE | |

1. **To the Sheriff or Marshal of the County of:** RIVERSIDE

   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* LIEM PHAN
   is the [ X ] judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

   GARY R. LINDSAY
   17821 CAMINO SAN SIMEON,
   MORENO VALLEY CA 92551

   NICHELLE S. LINDSAY
   17821 CAMINO SAN SIMEON,
   MORENO VALLEY CA 92551

   [ ] Additional judgment debtors on next page
5. **Judgment entered on** *(date):* 12/2/09
6. [ ] **Judgment renewed on** *(dates):*
7. **Notice of sale** under this writ
   a. [ X ] has not been requested.
   b. [ ] has been requested *(see next page).*
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ X ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . . $   0.00
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $   0.00
13. Subtotal *(add 11 and 12)* . . . . . . . . . . $   0.00
14. Credits . . . . . . . . . . . . . . . . . . . . . $   0.00
15. Subtotal *(subtract 14 from 13)* . . . . . . $   0.00
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) . . . $   0.00
17. Fee for issuance of writ . . . . . . . . . . . . $   25.00
18. **Total** (add 15, 16, and 17) . . . . . . . . . . $   25.00
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of . . . . . . . . . $   0.00
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . . . . $   0.00
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on *(date):* DEC 0 2 2009   Clerk, by _____ A. Cuthbert _____, Deputy

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**   Legal Solutions Plus


Exhibit 5

Code of Civil Procedure, §§ 699.520, 712.010
Government Code, § 6013.5

EJ-130

| | |
|---|---|
| PLAINTIFF: LIEM PHAN<br><br>DEFENDANT: GARY R. LINDSAY AND NICHELLE S. LINDSAY | CASE NUMBER:<br>RIU017217 |

**— Items continued from page 1 —**

21.    **Additional judgment debtor** *(name and last known address):*

22.    **Notice of sale** has been requested by *(name and address):*

23.    **Joint debtor** was declared bound by the judgment (CCP 989-994)
    a. on *(date):*                                              a. on *(date):*
    b. name and address of joint debtor:               b. name and address of joint debtor:

    c.    additional costs against certain joint debtors *(itemize):*

24.    X    *(Writ of Possession or Writ of Sale)* **Judgment** was entered for the following:
    a.    X    Possession of real property: The complaint was filed on *(date):* 11/24/09          *(Check (1) or (2)):*
            (1)        The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
                    The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
            (2)    X    The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
                (a) $ 55.83        was the daily rental value on the date the complaint was filed.
                (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
                    dates *(specify):* TO BE SET BY COURT
    b.    Possession of personal property.
                If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c.    Sale of personal property.
    d.    Sale of real property.
    e. Description of property: 17821 CAMINO SAN SIMEON, MORENO VALLEY CA
    92551/RIVERSIDE COUNTY

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
▶ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*